1   THOMAS L. SANSONETTI
2     Assistant Attorney General
      Environment and Natural Resources Division
3     United States Department of Justice
      Washington, D.C.  20530
4   DAVID B. GLAZER
5     Environmental Enforcement Section
      Environment and Natural Resources Division
6     United States Department of Justice
7     301 Howard Street, Suite 1050
      San Francisco, California  94105
8     Telephone:   (415) 744-6491
9     Facsimile:   (415) 744-6476
    DEBRA W. YANG
10    United States Attorney
      Central District of California
11  ROGER WEST, State Bar No. 58609
12    Assistant United States Attorney
      Federal Building, Room 7516
13    300 North Los Angeles Street
14    Los Angeles, California  90012
      Telephone:   (213) 894-2461
15    Facsimile:   (213) 894-8782
16  Attorneys for Plaintiff United States of America
    (Additional Attorneys Listed on Following Page)
17
18                IN THE UNITED STATES DISTRICT COURT
19            FOR THE CENTRAL DISTRICT OF CALIFORNIA
20                        WESTERN DIVISION

21  UNITED STATES OF AMERICA          )   CIVIL NO.
    and PEOPLE OF THE STATE OF        )
22  CALIFORNIA *ex rel.* THE CALIFORNIA )   ·02-7408           (MANx)
    DEPARTMENT OF FISH & GAME and     )
23  THE CALIFORNIA REGIONAL WATER     )
    QUALITY CONTROL BOARD,            )
24  LOS ANGELES REGION,               )
25            Plaintiffs,             )
                                      )
26        v.                          )   CONSENT DECREE
                                      )
27  EXXONMOBIL OIL CORPORATION,       )
                                      )
28            Defendant.              )
                                      )

1  BILL LOCKYER
   Attorney General
2  Of the State of California

3  MARY E. HACKENBRACHT, State Bar No. 68289
   Assistant Attorney General
4

5  MICHAEL W. NEVILLE, State Bar No. 96543
   Deputy Attorney General
6  California Department of Justice
   455 Golden Gate Avenue, Suite 11000
7  San Francisco, California 94102-7004
   Telephone:  (415) 703-5523
8  Facsimile:  (415) 703-5480

9  Attorneys for the State of California Agencies

10

11  LARRY W. LINDEEN
    Senior Counsel
12  Exxon Mobil Corporation
    800 Bell Street, Suite 1805
13  Houston, Texas 77002
    Telephone:  (713) 656-3429
14  Facsimile:  (713) 656-9697

15  Attorney for Defendant ExxonMobil Oil Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **CONSENT DECREE**

2       This Consent Decree is entered into between the United States, on behalf of the

3 United States Department of the Interior, U.S. Fish and Wildlife Service, and the United

4 States Environmental Protection Agency; and the State of California, acting by and through the

5 California Department of Fish and Game, Office of Spill Prevention and Response, and the

6 California Regional Water Quality Control Board – Los Angeles Region (collectively "the

7 State agencies"); and ExxonMobil Oil Corporation ("ExxonMobil").

8 **INTRODUCTION**

9     A.    On January 31, 1991, ExxonMobil's M-70 Pipeline ruptured at the Valencia

10 Golf Course in Valencia, Los Angeles County, California, causing approximately 1,777

11 barrels of crude oil to be discharged ("the Spill").  The M-70 Pipeline conveys crude oil from

12 a gathering station in the Lebec area in Kern County, through the Newhall area near Valencia,

13 and ultimately to ExxonMobil's Torrance Refinery.

14     B.    The United States and the State agencies allege that, following the rupture, at

15 least 1,000 barrels of the discharged oil flowed over the Valencia golf course and into the

16 Santa Clara River, a navigable water of the United States and the State of California, and oiled

17 the riparian corridor along the River for approximately 15 miles before any remaining oil was

18 contained at the Torrey Road crossing, in Ventura County.

19     C.    The United States and the State agencies allege the following:  The U.S. Fish

20 and Wildlife Service and the California Department of Fish and Game (hereafter "the Natural

21 Resource Trustees," as defined further, below) have documented impacts from the Spill.  Such

22 impacts include injury and mortality to flora and fauna in and around the Santa Clara River.

23 Acute impacts included 186 birds killed; 108 birds treated and released; 1 amphibian killed;

24 one Pacific pond turtle treated and released; 17 mammals killed; two mammals treated and

25 released; 36 fish killed; 18 crayfish killed; and 23.3 acres of vegetation oiled.  The oil also

26 impacted the habitat of the unarmored three-spine stickleback, listed as an endangered species

27 under Section 4(c) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(c), and the

28 California Endangered Species Act, Fish & Game Code §§ 2050, *et seq.*  The Natural

- 1 -

1  Resource Trustees believe that the stickleback population was severely affected by the Spill.
2  The Natural Resource Trustees further believe that additional birds, · · amphibians
3  were impacted beyond those collected during spill response.  The Spill, and the associated
4  response activities, caused injury to riparian habitat in and around the Santa Clara River in the
5  area of the Spill.  The Santa Clara River and surrounding habitat is home to numerous
6  endangered and threatened species including the Least Bell's Vireo, the Southwestern Willow
7  Flycatcher, and California Red-legged Frog.  The Southwestern Pond Turtle, also native to
8  that habitat, is a California species of special concern.

9      D.    The United States Department of the Interior, U.S. Fish and Wildlife Service
10  ("USFWS"), as authorized under Section 311(f)(5) of the Clean Water Act ("CWA"),
11  33 U.S.C. § 1321(f)(5), and Section 1006 of the Oil Pollution Act of 1990 ("OPA"),
12  33 U.S.C. § 2706; and the California Department of Fish and Game ("CDFG"), as authorized
13  under Section 311(f)(5) of the CWA, Section 1006 of OPA, Section 8670.7 of the Lempert-
14  Keene-Seastrand Oil Spill Prevention and Response Act, Government Code Sections 8670.1 *et*
15  *seq.*, and Section 1802 of the Fish and Game Code, are joint Trustees for Natural Resources
16  (as defined below) and are authorized to assess injuries to federal and state Natural Resources
17  caused by releases of oil and hazardous substances and to recover damages for those injuries,
18  to be used to restore, rehabilitate, replace, or acquire the equivalent of the affected Natural
19  Resources.

20      E.    The Natural Resource Trustees have evaluated the impacts from the Spill to the
21  affected Natural Resources and propose to carry out certain kinds of projects to restore such
22  resources or their services injured by the Spill.  The Natural Resource Trustees will plan and
23  implement the necessary restoration projects, pursuant to the relevant statutory authorities and
24  regulations.

25      F.    The Parties believe and this Court finds that this Consent Decree has been
26  negotiated by the Parties in good faith and that it is fair, reasonable, and in the public interest.
27  The Natural Resource Trustees believe that the Decree will expedite restoration, rehabilitation,
28  replacement, or acquisition of the equivalent of the Natural Resources that they assert have

- 2 -

1   been injured, destroyed, or lost and will avoid potentially prolonged and complicated

2   litigation.

3          NOW, THEREFORE, before the taking of any testimony, before the

4   adjudication of the merits of this case, and without admission of any issue of law, fact,

5   liability, or responsibility by ExxonMobil, it is hereby ORDERED, ADJUDGED, and

6   DECREED as follows:

7                                        **JURISDICTION**

8          1.    This Court has jurisdiction over the subject matter of this action pursuant

9   to 28 U.S.C. §§ 1331, 1345, 1355, and 1367; Sections 311(b)(7), 311(f), and 311(n) of the

10  CWA, 33 U.S.C. §§ 1321(b)(7), 1321(f), 1321(n); and Sections 1002(a) and (b)(2)(A), 1006,

11  and 1017(b) of OPA, 33 U.S.C. §§ 2702(a), (b)(2)(A), 2706, 2717(b).  Venue is proper in this

12  Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1395(a); and 33 U.S.C. §§ 1321(b)(7)(E),

13  2717(b), because ExxonMobil does business in, and the Spill occurred in, this judicial district.

14  The Court has personal jurisdiction over ExxonMobil, and no Party contests the Court's

15  jurisdiction or venue in this judicial district for purposes of this Decree.

16                                       **APPLICABILITY**

17         2.    This Consent Decree applies to and is binding upon the United States

18  and the State agencies, and upon ExxonMobil and its successors and assigns.

19                                        **DEFINITIONS**

20         3.    Whenever the following terms are used in this Consent Decree, they

21  shall have the meanings set forth below:

22         (a)    "Complaint" shall mean the civil complaint filed in this action by the

23  United States and the State agencies concurrently with the lodging of this Consent Decree.

24         (b)    "Natural Resource" and "Natural Resources" shall mean land, fish,

25  wildlife, biota, air, water, ground water, drinking water supplies, and other such resources

26  belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the

27  United States or the State of California, and shall also mean the services provided by such

28  resources to other resources or to humans.

1       (c)     "Natural Resource Trustees" or "Trustees" shall mean those federal and

2   state agencies or officials designated or authorized pursuant to the CWA, OPA, or state law to

3   act as Trustees for the Natural Resources managed by, controlled by, or appertaining to the

4   United States or the State of California.  Specifically, as used in this Consent Decree, the

5   Trustees are USFWS and CDFG.

6       (d)     "Party" or "Parties" shall mean the United States, acting on behalf of the

7   United States Environmental Protection Agency and USFWS; the State agencies, and/or

8   ExxonMobil.

9       (e)     "Restore" or "Restoration" shall mean any action or combination of

10  actions to restore, rehabilitate, replace, or acquire the equivalent of any Natural Resource or

11  its services injured, lost, or destroyed as a result of the Spill.

12      (f)     "Spill" shall mean the occurrence described in the first Paragraph of the

13  Introduction, above.

14                              **SETTLEMENT PAYMENT**

15      4.     Within fifteen (15) business days after ExxonMobil receives notice of

16  Final Judgment, as set forth in Paragraph 24, below, ExxonMobil shall pay the sum of FOUR

17  MILLION, SEVEN HUNDRED THOUSAND DOLLARS ($4,700,000.00) to the entities

18  identified in Subparagraphs (a) through (j) of this Paragraph 4 in the amount and manner

19  specified therein, together with interest accruing from the date of lodging of this Decree, at the

20  rate specified in 28 U.S.C. § 1961(a) and (b) for a money judgment occurring on the date of

21  lodging.

22      (a)     $2,650,000 (together with accrued interest on the total amount of

23  $4,700,000.00) to the Department of the Interior, on behalf of the Natural Resource Trustees

24  for the purposes set forth in Subparagraphs (iii) and (iv), below, by Electronic Funds Transfer

25  ("EFT") in accordance with instructions attached as Attachment A to this Consent Decree.  A

26  transmittal letter indicating that the EFT has occurred shall be sent to the Parties in accordance

27  with Paragraph 15 of this Decree ("Notices") and to:

28

- 4 -

1    Triscilla P. Taylor, Esq.
     Attorney Advisor
2    Office of the Solicitor
     U.S. Department of the Interior
3    1849 "C" Street, N.W., Mail Stop 6557
     Washington, D.C.  20240
4
               and
5
     Bruce Nesslage
6    DOI Restoration Fund Manager
     1849 "C" Street, N.W., Mail Stop 4449
7    Washington, D.C.  20240

8    The EFT and transmittal letter shall reflect that the payment is being made to the "Natural

9    Resources Damage Assessment and Restoration Fund, Account No. 14X5198 –

10   EXXONMOBIL/SANTA CLARA RIVER OIL SPILL."  The Department of the Interior will

11   assign these funds a special project number to allow the funds to be maintained as a segregated

12   account within the Department of the Interior Natural Resource Damage Assessment and

13   Restoration Fund, Account No.14X5198 (the "EXXONMOBIL/SANTA CLARA RIVER

14   NRD Account").

15                    (i)    The Department of the Interior shall, in accordance with law,

16                    manage and invest funds in the EXXONMOBIL/SANTA CLARA

17                    RIVER NRD Account and any return on investments or interest accrued

18                    on the Account for use by the Natural Resources Trustees in connection

19                    with Restoration of Natural Resources impacted by the Spill.  The

20                    Department of the Interior shall not make any charge against the

21                    EXXONMOBIL/SANTA CLARA RIVER NRD Account for any

22                    investment or management services provided.

23                    (ii)   The Department of the Interior shall hold all funds in the

24                    EXXONMOBIL/SANTA CLARA RIVER NRD Account, including

25                    return on investments or accrued interest, subject to the provisions of

26                    this Decree and the Memorandum of Understanding ("MOU") to be

27                    entered into by the Natural Resource Trustees.

28                    (iii)  The Natural Resources Trustees commit to the expenditure of the

                                          - 5 -

1    funds set forth in this subpart "(a)" for the design, implementation,

2    permitting (as necessary), monitoring, and oversight of Restoration

3    projects in and along the Santa Clara River, and for the costs of

4    complying with the requirements of the law to conduct a restoration

5    planning and implementation process.  The Natural Resource Trustees

6    plan to use said funds for habitat rehabilitation, revegetation, and/or

7    protection of areas within the Santa Clara River watershed, and/or

8    wildlife projects which benefit threatened or endangered species or

9    species of special concern in and along the Santa Clara River.

10    (iv)    The details for specific projects will be contained in a Restoration

11    plan proposal or proposals to be developed jointly by the Natural

12    Resource Trustees.  In allocating monies for Restoration projects, the

13    Trustees shall take into consideration their preliminary determination of

14    the injuries caused by the Spill.  The MOU sets forth more precisely the

15    allocation of the restoration monies. The final Restoration plan will be

16    prepared and implemented jointly by the Trustees, after providing public

17    notice, opportunity for public input, and consideration of any public

18    comment.  The Trustees jointly retain the ultimate authority and

19    responsibility to use the funds in the EXXONMOBIL/SANTA CLARA

20    RIVER NRD Account to Restore Natural Resources in accordance with

21    applicable law, this Consent Decree, the MOU, and any subsequent

22    MOU.

23    (b)    $150,000 to the Department of the Interior, Fish and Wildlife Service,

24    Natural Resource Damage Assessment and Restoration Fund, Account No. 14X5198 –

25    EXXONMOBIL/SANTA CLARA RIVER NRD Account, for reimbursement of Natural

26    Resource Damage Assessment costs associated with the Spill.  Payment shall be made by EFT

27    to the U.S. Department of Justice in accordance with instructions to be provided to

28    ExxonMobil following lodging of the Decree by the Financial Litigation Unit of the U.S.

- 6 -

1   Attorney's Office for the Central District of California, for federal past assessment and

2   response costs.  At the time of payment, ExxonMobil shall simultaneously send written notice

3   of payment and a copy of any transmittal documentation (which should reference DOJ case

4   number 90-5-1-1-06971) to the Parties in accordance with Paragraph 15 of this Decree

5   (Notices).

6          (c)     $600,000 by EFT to the U.S. Department of Justice in accordance with

7   instructions to be provided to ExxonMobil following lodging of the Decree by the Financial

8   Litigation Unit of the U.S. Attorney's Office for the Central District of California, for federal

9   civil penalties under the CWA.  Such monies are to be deposited in the Oil Spill Liability

10  Trust Fund.  At the time of payment, ExxonMobil shall simultaneously send written notice of

11  payment and a copy of any transmittal documentation (which should reference DOJ case

12  number 90-5-1-1-06971) to the Parties in accordance with Paragraph 15 of this Decree

13  (Notices) and to:

14          Laurie Williams (ORC-3)
            USEPA Region 9
15          75 Hawthorne Street
            San Francisco, California  94105
16
                    and
17
            Commander, National Pollution Funds Center
18          United States Coast Guard
            Ballston Common Office Building, Suite 1000
19          4200 Wilson Boulevard
            Arlington, Virginia  22203
20

21          (d)     $600,000 by trust check, certified check, or money order payable to the

22  Department of Fish and Game, for response and damage assessment costs.  The check or

23  money order shall be sent by certified mail to:

24          The Department of Fish and Game
            Office of Spill Prevention and Response
25          ATTN:  Stephen Sawyer and Katherine Verrue-Slater, Staff Counsels
            1700 "K" Street, Suite 250
26          Sacramento, California  95814.

27  The check shall reflect that it is a payment to the Department of Fish and Game Wildlife

28  Pollution Account and the Oil Spill Response Trust Fund created pursuant to Fish and Game

- 7 -

1  Code Section 13010 and Government Code Section 8670.46.  The Department of Fish and

2  Game commits to the expenditure of any funds remaining after reimbursement of response and

3  damage assessment costs associated with the Spill toward the costs incurred by the Department

4  of Fish and Game to monitor and oversee Restoration projects and comply with the

5  requirements of the law to conduct a restoration planning and implementation process.

6          (e)    $50,000 by trust check, certified check, or money order payable to the

7  Department of Fish and Game, for initial Trustee monitoring and oversight costs and costs

8  associated with complying with the requirements of the law to conduct a restoration planning

9  and implementation process.   The check or money order shall be sent by certified mail to:

10                 The Department of Fish and Game
                  Office of Spill Prevention and Response
11                 Attn:  Stephen Sawyer and Katherine Verrue-Slater, Staff Counsels
                  1700 "K" Street, Suite 250
12                 Sacramento, California 95814

13  The check shall reflect that it is a payment to the Department of Fish and Game Wildlife

14  Pollution Account created pursuant to Fish and Game Code Section 13010.

15          (f)    $250,000 by trust check, certified check, or money order payable to the

16  Department of Fish and Game, for civil penalties.  The check or money order shall be sent by

17  certified mail to:

18                 The Department of Fish and Game
                  Office of Spill Prevention and Response
19                 ATTN:  Stephen Sawyer and Katherine Verrue-Slater, Staff Counsels
                  1700 "K" Street, Suite 250
20                 Sacramento, California  95814

21  The check shall reflect that it is a payment to the Department of Fish and Game Wildlife

22  Pollution Account created pursuant to Fish and Game Code Section 13010.

23          (g)    $75,000 by trust check, certified check, or money order payable to the

24  National Fish and Wildlife Foundation for a supplemental environmental project on behalf of

25  the State of California, for wildlife response activities.  The check or money order shall be

26  sent by certified mail to:

27

28

- 8 -

The National Fish and Wildlife Foundation
c/o David Brunner
28 Second Street, 6th Floor
San Francisco, California 94105

The check or money order shall reflect that it is to be deposited into the Environmental Trust Fund for Wildlife Response. The funds are to be used for the following activities: (1) the maintenance, training and deployment of an aerial survey team for the documentation of the status of wildlife resources at risk in the area of future spills in order to assist the development of effective and timely response strategies and to document resources at risk; (2) the training and deployment of a wildlife hazing team and purchase of hazing equipment to deter wildlife from utilizing oiled habitat and to reduce spill casualties; and (3) training and equipping a team to process oiled wildlife in order to provide accurate and timely documentation and to keep the Unified Command informed of the status of impacts to wildlife.

(h)     $75,000 to the California Regional Water Quality Control Board – Los Angeles Region for payment into the Cleanup and Abatement Account. Payment shall be made by trust check, certified check, or money order payable to the "State Water Resources Control Board, Cleanup and Abatement Account" and shall be sent by certified mail to:

State Water Resources Control Board
Accounting Office
P.O. Box 100
Sacramento, California 95812-0100

(i)     $125,000 to the California Regional Water Quality Control Board – Los Angeles Region for McGrath Lake studies (characterization of contaminants or sources of contamination and cleanup activities within McGrath Lake and its watershed). Payment shall be made by trust check, certified check, or money order made payable to "McGrath Lake California Trust, Account Number 2400-07071" and shall be sent by certified mail to:

National Fish and Wildlife Foundation
28 Second Street, 6th Floor
San Francisco, California 94105
Attn: Anna Weinstein

(j)     $125,000 to the California Regional Water Quality Control Board – Los

- 9 -

1 Angeles Region for Surface Water Ambient Monitoring Program Watershed Characterization
2 Studies.  Payment shall be made by trust check, certified check, or money order made payable
3 to "San Jose State University Foundation, Watershed Management Discretionary Fund,
4 Account Number 22-1509-0053" and shall be sent by certified mail to:

> San Jose State University Foundation
> P.O. Box 720130
> San Jose, California  95172-0130
> Attn:  Bill Yabumoto

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

9        5.    Neither by entering into this Decree nor by taking any action in
10 accordance with it (including making the payments required by this Decree), shall ExxonMobil
11 be deemed to have admitted any liability for any purpose or any responsibility for, or
12 wrongdoing relating to, the Spill, or to have admitted any issues of law or fact related to or
13 arising from the Spill, the response to the Spill, or any direct or indirect results of the Spill,
14 except as set forth in Paragraph 1 ("Jurisdiction").  It is the intent of the parties to this Consent
15 Decree that neither the terms and conditions of this Consent Decree nor any act of
16 performance by ExxonMobil shall be (i) admissible in any proceeding for the purpose of
17 imputing, implying, or otherwise raising an inference of wrongdoing by ExxonMobil or any of
18 the Related Parties or Released Parties or (ii) used against ExxonMobil or any of the Related
19 Parties or Released Parties as collateral estoppel in any other proceeding with any third party
20 not a signatory to this Consent Decree.

21        6.    Effective upon entry of this Consent Decree and receipt of the payments
22 specified in Paragraph 4, above, this Consent Decree resolves the claims set forth below as
23 against ExxonMobil, Exxon Mobil Corporation, Mobil Corporation, Mobil International
24 Petroleum Corporation, ExxonMobil Pipeline Company, Mobil Pipe Line Company, Mobil
25 Business Resources Corporation, and Exxon Pipeline Holdings, Inc., their respective officers,
26 directors, or employees acting in their capacities as such, and their respective successors to
27 any potential liability relating to or arising from the Spill (collectively the "Related Parties"),
28 and the United States covenants not to sue or take any administrative action, or pursue any

1   claim in intervention, against any of the Related Parties with respect to the claims set forth

2   below:

3         (a) all claims alleged in the Complaint filed in this action,

4         (b) all civil judicial and administrative claims for fines or

5         penalties, under the CWA or OPA relating to or arising from the

6         Spill, and

7         (c) all claims under the CWA or OPA for response costs,

8         assessment costs, or natural resource damages relating to

9         conditions (whether known or unknown, suspected or

10        unsuspected) arising from the Spill.

11  This Decree may be pleaded as a defense in bar or in abatement to any action or other

12  proceeding which may be brought in breach of this covenant by the United States or any of its

13  natural resource trustees against ExxonMobil or any of the Related Parties.

14        7.    Effective upon entry of this consent Decree and receipt of the payments

15  specified in Paragraph 4, above, the State Agencies release ExxonMobil and ExxonMobil's

16  parent, subsidiary, and affiliate corporations, and each of their past and present directors,

17  officers, attorneys, employees, successors and assigns (collectively the "Released Parties")

18  from, and covenant not to sue or take any action against any of them for:  (i) any and all civil

19  claims alleged in the Complaint in this action; (ii) all claims for damages for injury to, loss of,

20  or destruction of Natural Resources whether known or unknown, suspected or unsuspected,

21  arising out of the Spill; and (iii) any and all claims, demands, liabilities, costs, expenses, fines,

22  penalties, response costs, cost of assessing natural resource damages, enforcement or litigation

23  costs (including attorneys fees) whether known or unknown, suspected or unsuspected, except

24  such costs relating to the enforcement of this Decree, relating to or arising out of the Spill, all

25  of which are hereinafter called the "Released Claims."  The Released Claims include common

26  law, statutory, civil, criminal (to the extent permitted by applicable law) and administrative

27  claims arising out of, resulting from, or related to the Spill.

28

1            8.    Upon Final Judgment, as set forth in Paragraph 24, below, the Tolling

2    Agreement entitled "Stipulation and Waiver," entered into on January 25, 1994 by the Mobil

3    Oil Corporation (and related entities) and the United States, shall, except as to the claims

4    settled in this Consent Decree, be void *ab initio* and of no further effect, as if the parties had

5    never intended the tolling agreement to apply to any claims other than those settled in this

6    Consent Decree.

7            9.    Upon Final Judgment, as set forth in Paragraph 24, below, the Tolling

8    Agreement entitled "Stipulation and Waiver," entered into on January 21, 1992 by Mobil Oil

9    Corporation and the State of California, as well as each renewal of that Stipulation and

10   Waiver, including the Renewal of Stipulation and Waiver dated January 25, 2001, shall,

11   except as to the claims settled in this Consent Decree, be void *ab initio* and of no further

12   effect, as if the parties had never intended the tolling agreement to apply to any claims other

13   than those settled in this Consent Decree.

14          10.    Upon ExxonMobil's payment of the sums specified in Paragraph 4,

15   above, ExxonMobil's obligations under this Consent Decree shall be deemed to have been

16   satisfied.

17          11.    Except as expressly provided in Paragraph 6, above, this Consent

18   Decree does not limit or affect the rights of the United States, the State agencies, or

19   ExxonMobil against any parties other than the parties to this Consent Decree, the other

20   Released Parties, and the Related Parties, nor does it limit the rights of third parties, not party

21   to this consent Decree, against ExxonMobil, except as otherwise provided by law.

22          12.    This Consent Decree shall not be construed to create rights in, or grant

23   any cause of action to, any third party not party to this Consent Decree.

24          13.    The United States and the State agencies reserve any and all legal and

25   equitable remedies available to enforce the provisions of this Consent Decree, except as

26   expressly stated herein.

27                      **COSTS**

28          14.    Subject to Paragraph 4, the Parties shall each bear their own costs of

1   litigation of this action, including attorneys fees.

2                                    **NOTICES**

3              15.   If written notice is required to be given by one Party to another for any

4   reason, it shall be directed to the individuals and addresses specified below, unless the

5   individuals specified or their successors give notice, in writing, to the other Parties that notices

6   should be directed to a different individual or address.  All notices shall reference the civil

7   action settled through this Consent Decree and the United States Department of Justice file

8   number, ENRD 90-5-1-1-06971.

9   Notice to the United States:

10              Chief, Environmental Enforcement Section
                Environment and Natural Resources Division
11              United States Department of Justice
                P.O. Box 7611 Ben Franklin Station
12              Washington, D.C.  20044-7611

13                      and

14              David B. Glazer
                Environmental Enforcement Section
15              Environment and Natural Resources Division
                United States Department of Justice
16              301 Howard Street, Suite 1050
                San Francisco, California  94105

17

18   Notice to the State:

19              Katherine M. Verrue-Slater
                Staff Counsel III
20              California Department of Fish and Game
                Office of Spill Prevention and Response
21              1700 "K" Street, Suite 250
                Sacramento, California  95814

22
                        and
23
                Executive Officer
24              California Regional Water Quality Control Board
                        Los Angeles Region
25              320 West 4th Street, Suite 200
                Los Angeles, CA 90013
26                      and

27

28

                                    - 13 -

1
       Michael W. Neville, Esq.
       Deputy Attorney General
2
       California Department of Justice
       455 Golden Gate Avenue, Suite 11000
3
       San Francisco, California  94102-7004

4 Notice to ExxonMobil:

5
       Pipeline Services Manager
       ExxonMobil Pipeline Company
6
       P.O. Box 2220
       Houston, Texas  77252-2220
7
       and
8
       Larry W. Lindeen
9
       Coordinator and Senior Counsel
       Exxon Mobil Corporation
10
       P.O. Box. 2180
       Houston, Texas  77252-2180
11

12
       16.    Notices submitted pursuant to this Section shall be deemed effective

13 upon receipt, unless otherwise provided in this Consent Decree or by mutual agreement of the

14 Parties in writing.

## SIGNATORIES/SERVICE

15
       17.    Each undersigned representative of the United States, the State agencies,

16 and ExxonMobil, and the Assistant Attorney General for the Environment and Natural

17 Resources Division of the Department of Justice certifies that he or she is fully authorized to

18 enter into the terms and conditions of this Consent Decree and to execute and legally bind the

19 Party he or she represents to this document.

20
       18.    This Consent Decree may be signed in counterparts, and such

21 counterpart signature pages shall be given full force and effect.

22
       19.    ExxonMobil hereby agrees to accept service of process by mail with

23 respect to all matters arising under or relating to this Consent Decree and to waive the formal

24 service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any

25 applicable Local Rules of this Court including, but not limited to, service of a summons.

## PUBLIC COMMENT AFTER LODGING

26

27
       20.    This Consent Decree shall be lodged with the Court for a period of not

28

1  less than thirty (30) days for public notice and comment.  The United States reserves the right

2  to withdraw or withhold its consent if the comments regarding the Consent Decree disclose

3  facts or considerations indicating that the Consent Decree is inappropriate, improper, or

4  inadequate.

5         21.    ExxonMobil hereby agrees not to oppose entry of this Consent Decree

6  by the Court or to challenge any provision of the Decree, unless the United States has notified

7  ExxonMobil in writing that it no longer supports entry of the Decree, and ExxonMobil further

8  consents to entry of the Decree without further notice.

9                             **ENTIRE AGREEMENT**

10       22.    This Consent Decree constitute the final, complete, and exclusive

11  agreement and understanding among the Parties with respect to the settlement embodied in the

12  Decree and supersedes all prior agreements and understandings, whether oral or written.  No

13  other document, nor any representation, inducement, agreement, understanding, or promise,

14  constitutes any part of this Decree or the settlement it represents, nor shall it be used in

15  construing the terms of this Decree.

16                             **COUNTERPARTS**

17       23.    This Consent Decree may be signed in counterparts, and such

18  counterpart signature pages shall be given full force and effect.

19                             **FINAL JUDGMENT**

20       24.    This Consent Decree shall constitute a final judgment ("Final

21  Judgment") between the United States and the State agencies, and ExxonMobil, on the later of

22  (i) the date on which the Court has approved and entered this Consent Decree as a judgment

23  and all applicable periods for seeking appellate or Supreme Court review have expired without

24  an appeal or petition for review being filed, or (ii) if an appeal is taken or a petition for review

25

26

27

28

1  is granted, the date on which the Court's judgment is affirmed and there is no further right to

2  appellate or Supreme Court review.

3

4  APPROVED AND ENTERED:

5

6  Dated: *October 28, 2002*        *Lourdes G. Baird*

7                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

1          WE HEREBY CONSENT to the entry of this Decree (subject to the public
comment provisions of Paragraph 20 of this Decree):

2

3  FOR THE UNITED STATES OF AMERICA:

4

5  By:    *Tom Sansonetti*
          THOMAS L. SANSONETTI
6          Assistant Attorney General
          Environment and Natural resources Division
7          United States Department of Justice
          Washington, D.C.  20530

8

9

10  Dated:    8.3 02

11

12

13  By:
          DAVID B. GLAZER
14          Environmental Enforcement Section
          Environment and Natural Resources Division
15          United States Department of Justice
          301 Howard Street, Suite 1050
16          San Francisco, California  94105
          (415) 744-6491

17

18

19  Dated:   Sept 20, 2002

20

21

22

23

24

25

26

27

28

- 17 -

1  FOR THE UNITED STATES OF AMERICA (continued):

2

3

4  By:

5      JOHN PETER SUAREZ
       Assistant Administrator for Enforcement
6      U.S. Environmental Protection Agency
       Washington, DC

7          SEP 1 8 2002

8  Dated: _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  FOR THE UNITED STATES OF AMERICA (continued):

2

3

4  By: _____
       WAYNE NASTRI

5     Regional Administrator
       United States Environmental Protection Agency

6              – Region 9
       75 Hawthorne Street

7     San Francisco, California  94105

8

9  Dated: ___7/26/02___

10

11 By: _____
       LAURIE WILLIAMS

12    Assistant Regional Counsel
       U.S. Environmental Protection Agency

13       Region 9
       75 Hawthorne Street

14    San Francisco, CA 94105

15

16 Dated: ___7/29/02___

17

18

19 Of Counsel:

20 Triscilla P. Taylor, Esq.
    Attorney Advisor

21 Office of the Solicitor
    U.S. Department of the Interior

22 Washington, D.C.  20240
    San Francisco, California  94105

23

24

25

26

27

28

- 19 -

1          WE HEREBY CONSENT to the entry of this Decree:

2

3    FOR THE STATE OF CALIFORNIA DEPARTMENT OF FISH AND GAME

4

5

6    By:  _____
                HARLAN HENDERSON
7                Administrator
                Office of Spill Prevention and Response
8                California Department of Fish and Game

9

10   Dated:  4/10/02

11

12

13

14   Of Counsel:

15   Michael W. Neville, Esq.
     Deputy Attorney General
16   California Department of Justice
     455 Golden Gate Avenue, Suite 11000
17   San Francisco, California  94102-7004

18   Stephen Sawyer, Esq.
     Katherine Verrue-Slater, Esq.
19   California Department of Fish and Game
     Office of Spill Prevention and Response
20   1700 "K" Street, Suite 250
     Sacramento, California  95814.

21

22

23

24

25

26

27

28

                                    - 20 -

1    WE HEREBY CONSENT to the entry of this Decree:

2

3    FOR THE CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD FOR
     THE LOS ANGELES REGION

4

5

6    By: _____

7    DENNIS A. DICKERSON
     Executive Officer
     California Regional Water Quality Control Board

8              Los Angeles Region

9

10   Dated: _August 30, 2002_

11

12

13

14

15

16   Of Counsel:

17   Michael W. Neville, Esq.
     Deputy Attorney General

18   California Department of Justice
     455 Golden Gate Avenue, Suite 11000

19   San Francisco, California  94102-7004

20   Michael A.M. Lauffer, Staff Counsel
     Office of the Chief Counsel

21   State Water Resources Control Board
     1001 "I" Street, 22nd Floor

22   Sacramento, California  95814-2828

23

24

25

26

27

28

                              - 21 -

1            WE HEREBY CONSENT to the entry of this Decree:

2

3  FOR EXXONMOBIL OIL CORPORATION

4

5  By:

6      Larry W. Lindeen
       Coordinator and Senior Counsel

7     Exxon Mobil Corporation
       P.O Box 2180

8      Houston, Texas  77252-2180

9

10  Dated: _5/24/02_

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Department of the Interior
## Natural Resource Damage Assessment and Restoration Fund
## Assessment and Settlement Deposit Remittance Procedures

The Department of Interior's Interior Service Center has established procedures with the Department of Treasury to provide two electronic options for remitting payments to the Natural Resource Damage Assessment and Restoration Fund. Procedures for using these processes are attached.

The preferred electronic method is the Department of Treasury's Automated Clearing House (ACH)/Remittance Express. If your bank does not have ACH deposit transmission capabilities, then Treasury's Federal Wire (Fed Wire) Transfer procedure is the required alternative. Use the attached forms to assist in preparing your remittance.

All remitters are encouraged to use these electronic methods. Non-electronic remittances should be payable to the Department of Interior and forwarded to:

### DOI Restoration Fund
### NBC Division of Financial Management Services
### Branch of Accounting Operations
Mail Stop 1313
1849 C St. NW
Washington, D.C. 20240

Attachment I-1

Revised April 13, 1999

# Department of the Interior
## Natural Resource Damage Assessment and Restoration Fund
## Assessment and Settlement Deposit Remittance Procedures

In order to accomplish electronic transfers, in addition to other settlement or billing information, please provide the following information to the remitter:

**Preferred method of electronic transfer:**   Automated Clearing House (ACH)

**Receiver name:**          DOI Restoration Fund
                            ALC 14010001

**Receiver TIN:**           53-0196949

**Receiver address:**       1849 C St. NW MS 1313
                            Washington, D.C.  20240

**Receiver bank:**          Federal Reserve Bank
                            New York, NY
                            ABA # 051036706

**Receiver ACH Account No.:**       312024

**Receiver Fedwire Acct No.:**      Treasury NYC 021030004
(To be used only for Fedwire transfers)

**Payment Related Data:**           Should at a minimum reference site location

Attachments I-3 and I-4 provide more technical specifics which can be provided to the remitters banking institution.  Questions concerning electronic deposit procedures should be directed to Robert (Bob) White at 303-969-7170.

Attachment I-2

Revised April 13, 1999

# Department of the Interior
# Natural Resource Damage Assessment and Restoration Fund
# Assessment and Settlement Deposit Remittance Procedures

The following information is provided to assist Remitters in giving complete and accurate data to their financial institution for use in originating Automated Clearing House payments. The industry name for the following format is CCD+.

## ACH CCD+ Format

| Data Element Name | Contents | Size | Position |
|---|---|---|---|
| *Record Type Code* | '6' | 1 | 01-01 |
| *Transaction Code* | '22' | 2 | 02-03 |
| *Receiving ABA* | '05103670' | 8 | 04-11 |
| *Check Digit* | '6' | 1 | 12-12 |
| *Account Number* | '312024' | 17 | 13-29 |
| *Payment Amount* | | | 30-39 |
| *Identification* | | | 22-76 |
| *Receiver Name* | *DOI Restoration Fund* | 22 | 22-76 |
| Discretionary | N/A | 2 | 77-78 |
| *Addenda Indicator* | '2' | 1 | 79-79 |
| Trace Number | Assigned by Remitters Bank | 15 | 80-94 |
| | | | |

## ACH Addenda Record Format

| Data Element Name | Contents | Size | Position |
|---|---|---|---|
| *Record Type Code* | '7' | 1 | 01-01 |
| *Addenda Type Code* | '05' | 2 | 02-03 |
| *Payment Related* | | 80 | 04-83 |
| *Sequence Number* | '0001' | 4 | 84-87 |
| Addenda Trace | Assigned by Remitters Bank | 17 | 88-94 |
| | | | |

The data items in bold must be provided to the bank by the Remitter. Those items bolded and italicized must be provided verbatim. The **Payment Amount** is the judgement or settlement amount being remitted; dollars and cents must be separated by a decimal point, do not use commas or any other punctuation. The **Identification Number** is the case Court Number. The **Payment Related** data should include the paying potentially responsible party(ies) name, site or case name and site location.

Attachment I-3

Revised April 13, 1999

# Department of the Interior
# Natural Resource Damage Assessment and Restoration Fund
# Assessment and Settlement Deposit Remittance Procedures

### Federal Wire (FedWire) Transfer

The following information is provided to assist Remitters in giving complete and accurate data to their financial institution for use in originating FedWire payments. The industry name for the following format is FedWire Transfer Format.

### Required Fields and Tags

| Field Tag Name | Field Tag Number | Field Tag Contents |
|---|---|---|
| Message Disposition | (1100) | Assigned by Federal Reserve Bank |
| Acceptance Time Stamp | (1110) | Assigned by Federal Reserve Bank |
| OMAD | (1120) | Assigned by Federal Reserve Bank |
| IMAD | (1520) | Assigned by Remitters Bank |
| Amount | (2000) | |
| Sender FI | (3100) | Assigned by Remitters Bank |
| Sender Reference | (3320) | Assigned by Remitters Bank |
| *Receiver FI* | *(3400)* | *'Treasury NYC 021030004'* |
| *Beneficiary* | *(4200)* | *'DOI Restoration Fund ALC 14010001'* |
| Ref for Beneficiary | (4320) | |
| Originator | (5000) | |
| Originator Financial Institution | (5100) | Assigned by Remitters Bank |
| Orig to Beneficiary | (6000) | |
| | | |

The data items in bold must be provided to the bank by the Remitter. Those bolded and italicized must be provided verbatim. The **Amount** is the judgement or settlement amount being remitted; dollars and cents must be separated by a decimal point, do not use commas or any other punctuation. The **Reference for Beneficiary** is the case Court Number. **Originator** is the paying potentially responsible party(ies). **Originator to Beneficiary** should include the site or case name and site location.

Attachment I-4

Revised April 13, 1999

CERTIFICATE OF SERVICE

I, Lorraine Gonzales, hereby certify and declare that:

1.     I am over the age of 18 years and am not a party to this action.

2.     I am employed by the U.S. Department of Justice and currently working at 301 Howard Street, Suite 1050, San Francisco, California  94105.

3.     I am familiar with the office practices of the U.S. Department of Justice at the above location, including its mail processing practices.

4.     I know that outgoing mail is deposited for collection with the United States Postal Service on the day of mailing and that overnight mail is collected from the above office location on the day of mailing.

5.     Following the above described practices, on September 20, 2002, I caused a true copy of the foregoing Consent Decree to be served upon the persons listed on the attached service list in the manner indicated.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on September 20, 2002, in San Francisco, California.


LORRAINE GONZALES

## SERVICE LIST

For Defendant ExxonMobil Oil Corporation:                    **By Overnight Mail**

Larry W. Lindeen, Esq.
Senior Counsel, Coordinator – Legal Specialties Group
Ross M. Smith, Esq.
Counsel
Law Department
ExxonMobil Corporation
800 Bell Street
Houston, Texas 77002

For Co-Plaintiff State of California:

Michael W. Neville, Esq.                                      **By U.S. Mail**
Deputy Attorney General
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Stephen Sawyer, Esq.                                         **By Overnight Mail**
Katherine Verrue-Slater, Esq.
California Department of Fish and Game
Office of Spill Prevention and Response
1700 "K" Street, Suite 250
Sacramento, California 95814

For the U.S. Environmental Protection Agency:                **By U.S. Mail**

Laurie Williams, Esq.
Assistant Regional Counsel
U.S. Environmental Protection Agency
        Region 9
75 Hawthorne Street
San Francisco, California 94105

For the U.S. Department of the Interior:                     **By U.S. Mail**

Triscilla P. Taylor, Esq.
Attorney Advisor
Office of the Solicitor
U.S. Department of the Interior
1849 "C" Street, N.W., Mail Stop 6557
Washington, D.C. 20240

- 28 -